Raymond E. OSLOOND, Sr.; Mary
Ellen Osloond, Appellants,

v.

Richard MOWELL; Brian Wurtele; Pat
Humphrey; Warren G. Johnson; Rod
Oswald; John H. Fitzgerald, III;
Christopher W. Madsen, Appellees.

No. 00–2691.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 5, 2001.

Decided Jan. 9, 2001.

Before BEAM, FAGG, and LOKEN,
Circuit Judges.

PER CURIAM.

Raymond and Mary Osloond appeal
from the district court's [1] adverse grant of
summary judgment in their 42 U.S.C.
§ 1983 action. The Osloonds claimed de-
fendants conspired to deprive them of
their property without due process and in
violation of their Fourth Amendment
rights, by seizing certain vehicles from a
storage unit pursuant to a state court writ
of execution, and later selling them at a
sheriff's auction. Upon de novo review, we
agree with the district court that the Os-
loonds have failed to show defendants vio-
lated any federal statutory or constitution-
al right. *See Johnson v. Outboard Marine
Corp.*, 172 F.3d 531, 535–36 (8th Cir.1999)
(standard of review; alleged facts or evi-
dence must suggest violation of rights un-
der Constitution or United States statutes
as prerequisite to § 1983 liability). Be-
cause the seizure occurred under a valid
writ of execution, and a post-deprivation
remedy was available, there was no viola-
tion of the Fourth or Fourteenth Amend-
ments. *See id.* at 536–37 (seizure was not
unreasonable where sheriff erroneously
seized third party's boat located on proper-
ty levied under valid writ of execution;

---

1. The HONORABLE KAREN E. SCHREIER, United States District Judge for the District of South Dakota.

post-deprivation hearing satisfied due process); S.D. Codified Laws § 15-18-31 (1984) (third party may claim ownership of levied property in trial by special jury).

Accordingly, we affirm. *See* 8th Cir. R. 47B.